

FILED

OCT 22 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOHN W. CHAMBERS,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 18-95-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on John W. Chamber's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Chambers is a state prisoner proceeding pro se.

I.     **28 U.S.C. § 2254 Petition**

Chambers states that he was convicted following a guilty plea and sentence in Montana's Tenth Judicial District, Fergus County. (Doc. 1 at 3.) Chambers claims that his current custody is unlawful because the charges against him were not initiated by a grand jury, nor was he provided a preliminary hearing.[1]

---

[1] Chambers previously attempted to advance similar claims in an action under 42 U.S.C. § 1983. See, *Chambers v. Fox, et. al*, CV-17-116-GF-BMM, Cmplt. (filed Oct. 4, 2017). The matter was dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *Chambers v. Fox, et. al*, CV-17-116-GF-BMM, Or. (D. Mont. June 6, 2018).

1

Chambers believes the "indictment by information" process utilized by the State of Montana resulted in the state district court's loss of jurisdiction and, thus, a structural defect in the underlying criminal proceedings. *Id.* at 3-4. Chambers believes the process utilized violated Montana law as evidenced by legislative history of Mont. Code Ann. § 46-11-201 and the intent of the Delegates "who framed Article II, Section 20" of the Montana Constitution. *Id.* at 4-5. Chambers further contends his counsel performed deficiently under the Sixth Amendment by allowing the purportedly unlawful state proceedings to continue, *id.* at 4-5, and that both the prosecutor and state district court engaged in misconduct by utilizing this faulty charging procedure. *Id.* at 5-6.

While it appears that Chambers' claims are both time-barred and procedurally defaulted, it is more efficient to address them on the merits. 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).

## II. Analysis

As an initial matter, even if Chambers had been charged in violation of state law, "only noncompliance with *federal* law...renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(per curiam)(emphasis in original). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). To the extent that Chambers is alleging violation of state law, he does not allege a basis

2

upon which federal relief may be granted.

Second, there was no violation of state law. The Montana Supreme Court is the highest authority in the land- superior to even the United States Supreme Court- on the content and meaning of Montana law. See e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993)("There is no doubt that we are bound by a state court's construction of a state statute."). The Montana Supreme Court held the use of an information in the charging process does not violate state law. See e.g., *Kenfield v. State*, 2016 MT 197, ¶ 21, 384 Mont. 322, 377 P. 3d 1207.

Additionally, Montana's specific constitutional and statutory provisions define a district court's jurisdiction and delineate the four procedural vehicles available to commence a state prosecution. Indeed one of these vehicles is an indictment by a grand jury, but the procedure is not exclusive. Mont. Const. art. II, § 20(1) and art. VII, §4(1); Mont. Code Ann. §§ 3-5-301(1), -302(1)(a), and 46-11-101(1)-(4). "The district court has original jurisdiction in all criminal cases amounting to felony…" Mont. Const. art. VII, § 4(1).

Chambers' argument relative to Montana's criminal charging process and the state district court's purported lack of jurisdiction is frivolous. Likewise, any

3

allegation that counsel was ineffective for failing to raise an objection based on the Montana Constitution is meritless. E.g., *Juan H. v. Allen*, 408 F. 3d 1262, 1273 (9th Cir. 2005)(counsel cannot be ineffective for failing to raise a meritless objection).

To the extent that Chambers alleges a violation of federal law, there was no such violation. Montana's statutes governing pretrial proceedings in criminal cases parallel federal law. A person who is arrested is entitled to an initial appearance to be advised of the charge and his rights and for a decision as to release. Probable cause is not an issue in an initial appearance. *See* Mont. Code Ann. §§ 46-7-101(1); Fed. R. Crim. P. 5(d), 58(b)(2). A preliminary examination (or, in federal law, a preliminary hearing) is designed to determine whether a charge is supported by probable cause. A preliminary examination or hearing is required when a person faces a charge that cannot be tried in a state justice court or a federal magistrate judge's court, but it is not required if an information is filed or an indictment is returned. Both an information and an indictment indicate probable cause has already been found to support the charge, so a preliminary examination or hearing is moot. *See* Mont. Code Ann. §§ 46-10-105(2)-(4), -203; Fed. R. Crim. P. 5.1(a)(2)-(5), (e); *United States v. Calandra*, 414 U.S. 338, 342-46 (1974).

To the extent that Chambers attempts to argue federal law is violated when state law does not entitle defendants to indictment by grand jury, he is also

4

mistaken. The United States Supreme Court has recognized for over one hundred years that a State may choose to charge a defendant by information. See, *Hurtado v. California*, 110 U.S. 516, 538 (1884). Moreover, The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See, Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); see also, *Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). Chambers was not entitled to an indictment by a grand jury.

The allegations in Chambers' petition are frivolous. The petition should be denied because all claims advanced are conclusively lacking in merit. See, Rule 4, Rules Governing § 2254 Cases.

### III.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Chambers does not make any showing that he was deprived of a constitutional right.

Based upon the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. Chambers' Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Chambers may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Chambers is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Chambers must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 22nd day of October, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge