IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOHN W. CHAMBERS,<br><br>              Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>              Respondent. | CV 18–95–GF–BMM–JTJ<br><br>ORDER |

John W. Chambers is a state prisoner proceeding pro se. Chambers alleges his current custody is unlawful because the chargers against him were not initiated by a grand jury, nor was he provided a preliminary hearing. (Doc. 1.) United States Magistrate Judge John Johnston entered his Findings and Recommendations on October 22, 2018. (Doc. 5.) Chambers timely filed an objection and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Those portions of the findings and recommendations not specifically objected to will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v.*

-1-

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). For the reasons stated below, Judge Johnston's Findings and Recommendations are adopted in full.

Chambers argues the "indictment by information" process utilized by the State of Montana resulted in the state district court's loss of jurisdiction. Chambers asserts that a structural defect occurred in the underlying criminal proceedings. (Doc. 1 at 3-4.) Chambers further contends that his counsel performed deficiently under the Sixth Amendment by allowing the purportedly unlawful state proceedings to continue. *Id.* at 4-5. Finally, Chambers argues that both the prosecutor and state district court engaged in misconduct by utilizing this charging procedure. *Id.* at 5-6.

Judge Johnston determined that Chambers's claims were both time-barred and procedurally defaulted, but found it more efficient to address Chambers's claims on the merits. 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).

Chambers's first objection relates to Judge Johnston's description of Chambers's 28 U.S.C. § 2254 Petition. (Doc. 6 at 1.) Chambers objects to the following statement: "Chambers claims that his current custody is unlawful because the charges against him were not initiated by a grand jury, nor was he provided a preliminary hearing." (Doc. 5 at 1.) Chambers argues that the claims

contained in his Petition cannot be construed as a lack of a grand jury indictment. Chambers further argues that his petition was mischaracterized as alleging a "faulty charging procedure." (Doc. 6 at 1.)

Judge Johnston correctly set forth the claims in Chambers's Petition. Chambers states that he "was not offered a preliminary examination, nor given a hearing comparable to such hearing before having been indicted by information." (Doc 1 at 3.) Judge Johnston stated that "Chambers believes the 'indictment by information' process utilized by the State of Montana resulted in the state district court's loss of jurisdiction, and thus, a structural defect in the underlying criminal proceedings." (Doc. 5 at 2.) Judge Johnston correctly determined that Chambers's claim related to a preliminary examination, or comparable hearing, could only be construed as a lack of grand jury indictment or preliminary hearing. Further, this objection fails to present legal argument and supporting authority. Chambers's objection on this point is overruled.

Chambers next argues that Judge Johnston's Findings and Recommendations incorrectly characterized his claims as violations of state law, rather than federal law. "[O]nly noncompliance with *federal* law . . . renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (emphasis in original). "[F]ederal habeas

corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Chambers claims that the "indictment by information" process utilized by the State of Montana resulted in the district court's loss of jurisdiction, and an underlying defect in the state criminal proceedings. Chambers's claims relate to violations of state law. Chambers does not allege a basis upon which federal relief can be granted. Further, the Montana Supreme Court has determined that the use of an information in the charging process does not violate state law. *Kenfield v. State*, 2016 MT 197, ¶ 21, 384 Mont. 322, 377 P.3d 1207. Chambers's objection on this point is overruled.

Chambers next argues that Judge Johnston erred in his conclusion that "Chambers's argument relative to Montana's criminal charging process and the state district court's purported lack of jurisdiction is frivolous." (Doc. 5 at 3.) Chambers argues that his claim did not allege that the district court lacked original jurisdiction. Chambers argues, rather, that he claimed the district court lost jurisdiction. (Doc. 6 at 4.) Judge Johnston determined this claim to be frivolous. (Doc. 5 at 3.) Further, Chambers objects to Judge Johnston's conclusion that no violation of federal law existed. Chambers's assertions on these points are attempts to engage the district court in a reargument of the same arguments set forth in the original Petition. The Court will review this portion of Judge Johnston's Findings

and Recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014). The Court finds no error in Judge Johnston's Findings and Recommendations on these points.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 5) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Defendant does not make any showing that he was deprived of a constitutional right.

DATED this 17th day of December, 2018.

Brian Morris
United States District Court Judge